IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THE RITZ-CARLTON MANAGEMENT COMPANY, LLC, | ) ) ) | CIVIL NO. 13-00055 LEK-KSC |
| Petitioner, | ) ) ) | |
| vs. | ) ) | |
| ASSOCIATION OF APARTMENT OWNERS OF KAPALUA BAY CONDOMINIUM, | ) ) ) ) | |
| Respondent. | ) ) ) | |

**ORDER GRANTING PETITIONER'S**
**PETITION TO COMPEL ARBITRATION**

Before the Court is Petitioner Ritz-Carlton Management Company, LLC's ("RCMC") Petition to Compel Arbitration ("Petition"), filed on January 30, 2013.  Respondent Association of Apartment Owners of Kapalua Bay Condominium (the "Association") filed its memorandum in opposition to the Petition on February 14, 2013.  [Dkt. no. 14.]  This matter came on for hearing on February 25, 2013.  Appearing on behalf of Petitioner was Lex Smith, Esq., and appearing on behalf of Respondent was Peter A. Horovitz, Esq., Thomas Benedict, Esq., and Patrick D. Collins, Esq.  After careful consideration of the Petition, supporting and opposing memoranda, and the arguments of counsel, the Petition is HEREBY GRANTED for the reasons set forth below.

**BACKGROUND**

On May 3, 2006, RCMC[1] and the Association executed a Condominium Association Operating Agreement ("Operating Agreement."). [Petition, Exh. B (Operating Agreement).] The Operating Agreement provides that the Operating Company, RCMC, may incur expenses on behalf of the Association for certain operational costs, which are then reimbursable by the Association. [Id. at §§ 13, 32.] Pursuant to the Operating Agreement, the Association is obligated to fund its operating account in an amount adequate to satisfy the ongoing operating costs for the project. [Id.] In addition, the Association is required to operate in accordance with "The Ritz-Carlton Brand Standards." [Id. at § 31.] Under the Operating Agreement, the Association agrees to pay RCMC an operating fee for its services. [Id. § 41.] The Operating Agreement contains an arbitration clause that states the following:

> A dispute under this Agreement shall be governed exclusively by the laws of the State of Hawaii and shall be controlled and decided by arbitration. The parties agree that the arbitration shall be held in Hawaii and subject to the American Arbitration's rules then in effect. The decision

---

[1] The Ritz-Carlton Development Company, Inc. ("RCDC"), predecessor to RCMC, originally entered into the agreement with the Association. Pursuant to an Assignment and Assumption Agreement dated September 14, 2011, RCMC replaced RCDC as the Operating Company. [See Petition, Exh. C (Assignment and Assumption Agreement).]

>     shall be binding and non-appealable by either
>     party.  Unless the arbitrator determines
>     otherwise, the party losing the arbitration shall
>     be responsible for and pay all the reasonable
>     costs, expenses, and attorney's fees incurred by
>     the other party.

[Id. § 17.]

On July 2, 2012, RCMC sent the Association a letter demanding that the Association sufficiently fund the Association's Operating Account by July 9, 2012.  [Petition, Exh. D (Notice and Demand Letter).]  The Association failed to do so.  [Petition at 5.]

On or about September 26, 2012, RCMC served a Demand for Arbitration ("Demand") upon the Association pursuant to the American Arbitration Association's ("AAA") Commercial Arbitration Rules.  [Petition, Exh. A (Demand).]  In its Demand, RCMC alleged that the Association materially breached and defaulted under the Operating Agreement by, among other things, (1) failing to reimburse RCMC for operational expenses incurred; (2) failing to maintain sufficient funds in the operating account to meet ongoing operational costs; (3) failing to maintain sufficient operating funds to allow the project to be operated in accordance with "The Ritz-Carlton Brand Standards"; and (4) failing to pay RCMC its operating fee.  [Id.]

In response to the Demand, AAA appointed Jerry Hiatt, Esq. as an arbitrator.  On January 14, 2013, Mr. Hiatt held a Preliminary Hearing Conference via telephone, and subsequently

ordered that if the Association wished to seek a stay of arbitration, it should do so by filing a motion to stay arbitration in the Circuit Court of the Second Circuit, State of Hawai`i, in the previously filed case styled <u>Krishna Narayan, et al. v. Marriott International, Inc., et al.</u>, Civil No. 12-1-0586(3) (the "Narayan Litigation").  [Mem. in Opp., Exh. 8 (Arbitrator's Order).]  The arbitrator's order noted that the parties' submissions to the Circuit Court "are without prejudice to their rights to . . . seek appropriate remedies before AAA and courts of competent jurisdiction." [<u>Id.</u>]  On February 13, 2013, the Narayan court granted the Association's Motion to Stay Arbitration.  [<u>Id.</u>, Decl. Of Peter Al. Horovitz.]

In the Narayan Litigation, on June 7, 2012, a number of the whole unit fee owners of the project filed suit in Second Circuit Court of the State of Hawai`i.  [Mem. in Opp., Exh. 2 (Narayan Complaint).]  RCMC and the Association are both named defendants in the Narayan Litigation.  The Narayan Complaint alleges, among other things, mismanagement of the project by RCMC, RCDC, the Association, and others.  The First Amended Complaint in the case includes claims that the Operating Agreement is unconscionable and that RCMC acted improperly thereunder.  [Mem. in Opp., Exh. 3 (Amended Narayan Complaint).]

On June 22, 2012, the Narayan court granted the Narayan Plaintiffs' motion for a temporary restraining order, essentially

freezing the Association's funds while the Narayan Plaintiffs pursue their claims to claw back (the "TRO"). [Mem. in Opp., Exh. 4 (Order Granting TRO).] The TRO remains largely in place and, as is relevant to these proceedings, prohibits the Association from withdrawing funds to pay any fees and/or expenses claimed or for the benefit of RCMC absent further order of court. [Id.]

RCMC and others moved to compel arbitration of the Narayan Plaintiffs' claims on July 5, 2012. Their motion was denied and RCMC is currently appealing that denial to the Intermediate Court of Appeals for the State of Hawai`i. [Id., Exh. 6 (the Interlocutory Appeal).]

In the instant Petition, RCMC seeks an order from this Court, pursuant to Section 4 of the Federal Arbitration Act, compelling the Association to proceed to arbitration on any and all disputes arising under the Operating Agreement.

## DISCUSSION

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., which applies to arbitration agreements in contracts involving transactions in interstate commerce, provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract." 9 U.S.C. § 2. The FAA provides that "any doubts concerning the scope of arbitrable issues should

be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983); see also Lowden v. T-Mobile USA, Inc., 512 F.3d 1213, 1217 (9th Cir. 2008) ("Congress enacted the FAA more than eighty years ago to advance the federal policy favoring arbitration agreements."). "The standard for demonstrating arbitrability is not high. The Supreme Court has held that "the FAA leaves no place for the exercise of discretion by a district court, but instead mandates that district courts direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 719 (9th Cir. 1999) (citing Dean Witter Reynolds v. Byrd, 470 U.S. 213, 218 (1985)).

In determining whether to compel a party to arbitrate, a district court may not review the merits of the dispute; rather, "the district court's role is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue. If the answer is yes to both questions, the court must enforce the agreement." Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004) (citing Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000)). In construing

the terms of an arbitration agreement, the district court "appl[ies] general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration."  <u>Wagner v. Stratton Oakmont, Inc.</u>, 83 F.3d 1046, 1049 (9th Cir. 1996) (citation omitted).

      Here, relying on the arbitration clause in the Operating Agreement, RCMC seeks an order from this Court compelling the Association to proceed to arbitration on any and all disputes arising under the Operating Agreement.  The Association does not dispute that it is a party to the Operating Agreement, or that the Operating Agreement contains an arbitration provision.  [Mem. in Opp. at 2.]  The Operating Agreement states that "[a] dispute under this Agreement shall be governed exclusively by the laws of the State of Hawaii and shall be controlled and decided by arbitration."  [Petition, Exh. B at § 17.]  The "dispute" at issue here clearly arises under the Operating Agreement: RCMC alleges in its Demand that the Association materially breached and defaulted under the Operating Agreement by, among other things, failing to reimburse RCMC for operational expenses incurred, failing to maintain sufficient funds in the operating account, and failing to pay RCMC its operating fee, all actions the Association is required to take

under the Operating Agreement.  [Petition, Exh. A (Demand).]  As such, the arbitration agreement clearly "encompasses the dispute at issue."  See Lifescan, 363 F.3d at 1012.

The Association argues that the Court should nevertheless deny RCMC's Petition because the ongoing Narayan Litigation involves related issues and parties, including claims by the Narayan Plaintiffs potentially undermining the validity of the Operating Agreement.  While the Court finds the Association's arguments compelling, they must ultimately fail.  The Association makes no argument that the Association is not a party to the Operating Agreement, that the arbitration provision is invalid or otherwise unenforceable, or that the arbitration provision is inapplicable to the instant dispute.  As such, this Court must grant RCMC's Petition. See Dean Witter Reynolds, 470 U.S. at 218 ("[t]he [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.") (emphasis in original); Lifescan, 363 F.3d at 1012 ("[T]he district court's role is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue.  If the answer is yes to both questions, the court must enforce the agreement.").  The Court, therefore, HEREBY GRANTS RCMC's Petition.

With respect to RCMC's request in the Petition for attorneys' fees and costs, the Court, without ruling on the availability or amount of fees, directs RCMC to comply with Local Rule 54.3 in a separate motion for attorneys' fees and costs if it wishes to pursue its fee request.

## CONCLUSION

On the basis of the foregoing, RCMC's Petition to Compel Arbitration, filed January 30, 2013, is HEREBY GRANTED. As no issues remain for adjudication by this Court, the Clerk's Office is directed to close this case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 20, 2013.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**THE RITZ-CARLTON MANAGEMENT COMPANY, LLC V. AOAO KAPALUA BAY CONDOMINIUM; CIVIL NO. 13-00055 LEK-KSC; ORDER GRANTING PETITIONER'S PETITION TO COMPEL ARBITRATION**