IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THE RITZ-CARLTON MANAGEMENT COMPANY, LLC, | ) ) ) | CIVIL NO. 13-00055 LEK-KSC |
| Petitioner, | ) ) ) | |
| vs. | ) ) | |
| ASSOCIATION OF APARTMENT OWNERS OF KAPALUA BAY CONDOMINIUM, | ) ) ) ) | |
| Respondent. | ) ) ) | |

**ORDER DENYING RESPONDENT'S MOTION FOR
RECONSIDERATION OF THE ORDER GRANTING PETITIONER'S
PETITION TO COMPEL ARBITRATION FILED MARCH 20, 2013**

Before the Court is Respondent Association of Apartment Owners of Kapalua Bay Condominium's (the "Association") Motion for Reconsideration of the Order Granting Petitioner's Petition to Compel Arbitration Filed March 20, 2013 ("Motion"), filed on April 3, 2013.  [Dkt. no. 22.]  Petitioner Ritz-Carlton Management Company, LLC ("RCMC") filed its memorandum in opposition to the Motion on April 22, 2013.  [Dkt. no. 29.]  The Association filed its reply on May 9, 2013.  [Dkt. no. 31.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal

authority, the Association's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

The relevant factual and procedural background in this case is set forth in this Court's March 20, 2013 Order Granting Petitioner's Petition to Compel Arbitration ("3/20/13 Order"). Ritz-Carlton Mgmt. Co., LLC v. Ass'n of Apartment Owners of Kapalua Bay, Civ. No. 13-00055 LEK-KSC, 2013 WL 1181430 (D. Hawai`i Mar. 20, 2013).

The Association seeks reconsideration of the 3/20/13 Order, in which this Court granted RCMC's Petition to Compel Arbitration pursuant to the Condominium Association Operating Agreement that the parties entered into in 2006.  In the 3/20/13 Order, the Court found that the Operating Agreement's arbitration clause was binding upon the parties and compelled arbitration as to any and all disputes arising under the Operating Agreement. Because the underlying dispute in the instant case involved the Association's alleged material breach of certain terms of the Operating Agreement, the Court found that the arbitration agreement "clearly encompasses the dispute at issue," and therefore granted RCMC's Petition to Compel Arbitration.  2013 WL 1181430, at *3-4 (internal quotation marks omitted).

In the instant Motion, the Association seeks reconsideration of the 3/20/13 Order on the grounds that the

2

Circuit Court of the Second Circuit's Order Granting the
Association's Motion to Stay Arbitration, filed on March 18,
2013, ("State's Stay Order") constitutes "materially changed
circumstances that could not have been presented to the Court at
or before the February 25, 2013 hearing." [Mem. in Supp. of
Motion at 1.]

## DISCUSSION

        In order to obtain reconsideration of the 3/20/13
Order, the Association's Motion "must accomplish two goals.
First, a motion for reconsideration must demonstrate reasons why
the court should reconsider its prior decision.  Second, a motion
for reconsideration must set forth facts or law of a strongly
convincing nature to induce the court to reverse its prior
decision."  See Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp.
429, 430 (D. Hawai`i 1996); accord Tom v. GMAC Mortg., LLC, CIV.
NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai`i July 12,
2011) (citations omitted).  This district court recognizes three
grounds for granting reconsideration of an order: "(1) an
intervening change in controlling law; (2) the availability of
new evidence; and (3) the need to correct clear error or prevent
manifest injustice."  White v. Sabatino, 424 F. Supp. 2d 1271,
1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch.
Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)).  The District of

Hawai`i has implemented these standards in Local Rule 60.1.[1]
"Whether or not to grant reconsideration[,]" however, "is
committed to the sound discretion of the court." <u>Navajo Nation</u>
<u>v. Confederated Tribes & Bands of the Yakama Indian Nation</u>, 331
F.3d 1041, 1046 (9th Cir. 2003) (citing <u>Kona Enter., Inc. v.</u>
<u>Estate of Bishop</u>, 229 F.3d 877, 883 (9th Cir. 2000)).

 The Association's Motion seeks reconsideration on the
ground that the State Court's Stay Order represents a "new
material fact not previously available."  [Mem. in Supp. of
Motion at 3.]  The Association argues that, once the State Court
issued its final Stay Order, the <u>Rooker-Feldman</u> doctrine stripped
this Court of jurisdiction to adjudicate RCMC's Petition to
Compel Arbitration in a manner that conflicted with the Stay
Order.

 As an initial matter, the Court notes that the
Association made the same argument in its opposition to RCMC's
Petition to Compel Arbitration that this Court lacked
jurisdiction to rule upon the Petition because the State Court
had already issued an oral order staying arbitration in the
<u>Narayan</u> case.  [Mem. in Opp. to Petition to Compel Arbitration at
5 (citing Feb. 13, 2013 Hearing, <u>Krishna Narayan, et al. v.</u>

---

 [1] Local Rule 60.1 provides, in part, that: "[m]otions for
reconsideration of interlocutory orders may be brought only upon
the following grounds: (a) Discovery of new material facts not
previously available; (b) Intervening change in law; (c) Manifest
error of law or fact."

Marriott International, Inc., et al., Civil No. 12-1-0586(3)).]
As such, the Court was aware at the time of its 3/20/13 Order of
the State Court's ruling on the Association's Motion to Stay
Arbitration.  Thus, the State Court's Stay Order confirming its
prior oral order clearly does not constitute a "new material fact
not previously available."  Mere disagreement with the Court's
analysis in the 3/20/13 Order is not a sufficient basis for
reconsideration.  See White v. Sabatino, 424 F. Supp. 2d 1271,
1274 (D. Hawai`i 2006) (citing Leong v. Hilton Hotels Corp., 689
F. Supp. 1572 (D. Hawai`i 1988)); Haw. Stevedores, Inc. v. HT & T
Co., 363 F. Supp. 2d 1253, 1269 (D. Hawai`i 2005).[2]

        The Association also argues that this Court should
reconsider its 3/20/13 Order because RCMC never established that
the Operating Agreement involved interstate commerce within the
meaning of the Federal Arbitration Act ("FAA").  The Association,
however, never raised this issue in its briefing on the Motion to
Compel Arbitration, even though it was free to do so.

_____

        [2]  The Court notes that the Association also argues that the
doctrine of res judicata requires this Court to vacate the
3/20/13 Order.  [Mem. in Supp. of Motion at 12.]  Even assuming
judgments in the Narayan case have a res judicata effect in the
instant case, however, "[u]nder Hawai`i law, res judicata does
not apply until there is a final judgment on appeal," or until
the time to appeal has expired without an appeal being taken.
Morisada Corp. v. Beidas, 939 F. Supp. 732, 737, n.3 (D. Hawai`i
1996).  Here, the State Court Stay Order is not yet "final," as
RCMC had thirty days from its issuance on March 18, 2013
to appeal the Stay Order.  See Haw. R. App. P. 4(a)(1).  Indeed,
RCMC did in fact file a Notice of Appeal on April 16, 2013.
[Mem. in Opp. at 12, n.5.]

Reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision.  <u>Kona Enter., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000); <u>Hawaii Stevedores</u>, 363 F. Supp. 2d at 1269-70.  The Court therefore FINDS that the Association has not presented any ground warranting reconsideration of the 3/20/13 Order.

<u>**CONCLUSION**</u>

On the basis of the foregoing, the Association's Motion for Reconsideration of the Order Granting Petitioner's Petition to Compel Arbitration Filed March 20, 2013, filed on April 3, 2013, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 13, 2013.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge


**THE RITZ-CARLTON MANAGEMENT CO., LLC V. AOAO KAPALUA BAY CONDOMINIUM; CIVIL NO. 13-00055 LEK-RLP; ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION OF THE ORDER GRANTING PETITIONER'S PETITION TO COMPEL ARBITRATION FILED MARCH 20, 2013**